Citation Nr: 1513880 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 08-36 952 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to an initial rating in excess of 30 percent for posttraumatic stress disorder (PTSD), prior to February 20, 2013, and in excess of 50 percent as of February 20, 2013, excluding a period of a temporary 100 percent rating. 

2. Entitlement to a total disability rating based on unemployability due to service-connected disabilities (TDIU).


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

L. A. Rein, Counsel


INTRODUCTION

The Veteran served on active duty from December 1986 to November 1991. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from November and December 2007 decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in Milwaukee, Wisconsin. Jurisdiction over the case has been transferred to the RO in St. Petersburg, Florida.

An April 2014 RO rating decision granted a higher 50 percent rating for PTSD with anxiety and depression, effective February 20, 2013. As that award did not represent a total grant of benefits sought on appeal, the claim for increase remains before the Board. AB v. Brown, 6 Vet. App. 35 (1993).

A June 2014 RO rating decision granted a temporary 100 percent rating for PTSD effective, August 5, 2013. A 50 percent rating was assigned effective October 1, 2013. Therefore, the Board consideration of the claim for initial higher ratings excludes that time period for which a temporary total rating was in effect. 


REMAND

Initially, the Board notes that since the Veteran underwent his most recent PTSD examination in February 2013, he has required hospitalization for treatment of PTSD in August 2013, and in March 2014, he was also diagnosed with bipolar disorder. Those findings suggest a change in severity of his PTSD and overall psychiatric symptoms. Therefore, the Board finds that another VA psychiatric examination is warranted to determine the current severity of service-connected PTSD).

In addition, VA mental health records notes that the Veteran is receiving ongoing counseling at the Vet Center in Naples, Florida. Vet Center record dated through February 2014 are of record. On remand, all outstanding Vet Center treatment records should be obtained and associated with the claims file. 

All outstanding VA medical records for the treatment of psychiatric disabilities dated from March 2014 to the present should be obtain and associated with the claims file. 

The TDIU claim is inextricably intertwined with his pending claim of entitlement to higher initial ratings for PTSD. Accordingly, consideration of the Veteran's TDIU claim must be deferred pending the resolution of the pending increased rating claim. Harris v. Derwinski, 1 Vet. App. 180 (1991).

Lastly, the Board notes that the June 2014 rating decision mailed to the Veteran at his last known address in Naples, Florida was returned as undeliverable. All reasonable actions should be undertaken to ascertain the Veteran's current address. 

Accordingly, the case is REMANDED for the following actions:

1. Ensure that the Veteran's current address is on file, to include requesting assistance from the Veteran's representative. Then, provide the Veteran with a copy of the June 2014 rating decision. 

2. Obtain treatment records from the Vet Center in Naples, Florida, dated from February 2014 to the present, to include individual counseling records.

3. Obtain all outstanding VA medical records, to include any inpatient hospitalizations, from March 2014 to the present pertaining to the treatment of any psychiatric disabilities.

4. After completion of the above, schedule the Veteran for a VA psychiatric examination to determine the current severity of service-connected PTSD with anxiety and depression. The examiner must review the claims file and that review should be noted in the examination report. The examiner should make specific findings as to the extent and frequency of all psychiatric symptoms. The examiner also should provide a full multi-axial diagnosis, including assignment of a Global Assessment of Functioning (GAF) scale score representing the level of impairment due to the service-connected psychiatric symptoms, and an explanation of what the score means. Finally, the examiner should also describe the impact of the Veteran's service-connected PTSD disability on his occupational and social functioning and should state whether he is unable to secure or follow a substantially gainful occupation by reason of his service-connected disabilities (headaches, PTSD with anxiety and depression, low back disability, irritable bowel syndrome, reactive airway disease/asthma, and hemorrhoids). If the Veteran if felt capable of working, the examiner should state what type of work and what accommodations would be needed due to the service-connected disabilities.

5. Then, readjudicate the claims. If any decision is adverse to the Veteran, issue a supplemental statement of the case and allow the appropriate time for response. Then, return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or the United States Court of Appeals for Veterans 


Claims for additional development or other appropriate action must be handled in an expeditious manner. 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
Harvey P. Roberts
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).